IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO. 4:20-CV-00037-M

TIMOTHY D. BEST,
        Plaintiff,

v.

COMPASS GROUP USA, INC.,
        Defendant.

**ORDER**

This matter is before the Court on Defendant's Motion to Stay and Strike Order for Discovery Plan [DE-13]. Pro se Plaintiff Timothy Best ("Plaintiff") was granted leave to proceed in forma pauperis on March 4, 2020 [DE-3]. In his Complaint [DE-4], Plaintiff alleges that while he worked as a dishwasher for Defendant Compass Group USA, Inc. ("Defendant"), a foodservice company, he was subject to discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. On April 7, 2020, Defendant filed a Motion to Dismiss and Alternative Motion to Compel Arbitration [DE-8]. An arbitration agreement signed by Plaintiff was attached to Defendant's motion [DE-9-1] that states

> Both I and the Compass Related Entities agree that any claim, dispute, and/or controversy that I may have against the Compass Related Entities . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ('FAA') because my employer's business involves interstate commerce. Included within the scope of this Agreement are all disputes, whether based on tort, contract statute (including, but not limited to, any claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation), .
> . . .

Plaintiff was issued a Rule 12 Letter the same day, informing him of his duty to respond to Defendant's motion by May 1, 2020 [DE-10]. Plaintiff has not responded to the pending motion.

On May 6, 2020, Defendant filed a Motion to Stay and Strike Order for Discovery Plan [DE-13] requesting a stay of "all deadlines in the case and the striking of the Rule 26 Order for Discovery Plan filed on April 7, 2020." Defendant represents that "[o]n or about April 30, 2020, Plaintiff communicated to counsel for Defendant that he did not oppose Defendant's motion and agreed to arbitrate his claims." DE-13 ¶ 4. In a letter from Plaintiff to Defendant, attached as an exhibit, Plaintiff explicitly agreed to arbitration and to a stay in proceedings pending the resolution of arbitration. *See* DE-13-1 ("[U]pon reviewing [the motion to dismiss and related documents] and my signed agreement to [ ] arbitration upon a claim against Compass Group USA, Inc., I agree to have an arbitration hearing on any dates you request and I agree to arrange a conference for proposed discovery plan, on any dates you request, based on the Court stay the above civil action, until after arbitration proceedings.").

Because the parties have agreed to arbitrate Plaintiff's discrimination and retaliation claims pursuant to a signed arbitration agreement covering such claims and because it appears to the Court that the requirements of the Federal Arbitration Act for a stay of this action pursuant to 9 U.S.C. § 3 have been satisfied, the Court will construe the Defendant's Motion to Stay and Strike Order for Discovery Plan [DE-13] as a consent motion to stay this civil action pending the completion of binding arbitration between Plaintiff and Defendant and hereby GRANTS that motion. The parties are DIRECTED to submit a joint status report regarding the arbitration proceedings no later than 90 days from the filing of this order, and every 90 days thereafter until the arbitration proceedings are concluded or settlement reached so that this Court can take whatever further action may be appropriate at that time. Furthermore, due to the parties' agreement and the Court's granting of the

consent motion, this Court DENIES AS MOOT Defendant's pending Motion to Dismiss and Alternative Motion to Compel Arbitration [DE-8].

SO ORDERED this the 8th day of May, 2020.

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE